IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WAYNE C. JOHNSON           )
                           )
        Petitioner,        )
                           )
v.                         )          Civil Action No. 3:15CV11–HEH
                           )
R.C. CHEATHAM,             )
                           )
        Respondent.        )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation and Dismissing Action)

Wayne C. Johnson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1]

petition ("§ 2241 Petition, ECF No. 1).[2]  On April 6, 2015, the Magistrate Judge issued a

Report and Recommendation recommending that the Court dismiss the § 2241 Petition for

want of jurisdiction as Johnson failed to demonstrate that the relevant precedent permitted

him to pursue a § 2241 petition to challenge his sentence.  Johnson filed objections.  For the

reasons that follow the Report and Recommendation will be accepted and adopted.

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

[2] Johnson initially filed his § 2241 Petition in the United States District Court for the Southern District of Florida. The United States District Court for the Southern District of Florida concluded the action was in fact a 28 U.S.C. § 2255 motion and transferred the matter to this Court.

# I. REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendations:

## A. Procedural History and Summary of Johnson's Claim

In the United States District Court for the Eastern District of Virginia,

> Wayne C. Johnson was indicted and charged with multiple drug offenses on April 9, 1999. Thereafter, Johnson pled guilty to possession with the intent to distribute five (5) kilograms or more of cocaine. The Honorable Richard L. Williams, United States District Judge, sentenced Johnson to a 292-month term of imprisonment. Thereafter, Johnson filed a § 2255 motion challenging his conviction and sentence. On October 7, 2002, the § 2255 motion was denied.

*Johnson v. Flannery*, No. 3:02CV294, 2002 WL 32366015, at *1 (E.D. Va. Oct. 18, 2002).

In his § 2241 Petition, Johnson contends that his sentence is unconstitutional in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[3] (§ 2241 Pet. 3.) For the reasons set forth below, it is RECOMMENDED that the action be DISMISSED FOR WANT OF JURISDICTION.

## B. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on the imposition of a federal conviction and sentence, and such a motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his

---

[3] In *Alleyne*, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). *Alleyne*, 133 S. Ct. 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163.

detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

## C.    Analysis of Johnson's 28 U.S.C. § 2241 Petition

Johnson fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Johnson fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added).    The conduct of which Johnson stands convicted,

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

possession with intent to distribute five kilograms or more of cocaine, is still criminal. *See Mabry v. Wilson*, 582 F. App'x 147, 147-48 (4th Cir. 2014) (concluding the decision in *Alleyne* fails to provide a basis seeking relief under § 2241); *Alsop v. Chandler*, 551 F. App'x 217, 218-19 (5th Cir. 2014) (concluding the decision in *Alleyne* fails to provide a basis for challenging convictions for distribution of cocaine base and conspiracy to distribute cocaine base under § 2241). Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333-34).

Accordingly, it is RECOMMENDED that the action be DISMISSED FOR WANT OF JURISDICTION.

(Report and Recommendation entered April 6, 2015 (alterations in original).)

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. JOHNSON'S OBJECTIONS

Johnson first objects to the Court's "characterization of [his] name as WAYNE C. JOHNSON." (Objs. 1.) Johnson directs the Court to an attachment which he asserts reflects

4

that the Court should not employ the letter "C" for his middle initial. (ECF No. 20–1.) The Court's docket for Johnson's criminal action, *United States v. Johnson*, 3:99CR199 (E.D. Va.) reflects that Johnson's middle initial is "C." Accordingly, Johnson's first objection will be overruled.

In his second objection, Johnson's objects to the Magistrate Judge's analysis "of Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the Magistrate Judge seems to quote from <u>APPRENDI</u> . . . , not <u>ALLEYNE</u>." (Objs. 1.) This objection lacks merit. The Magistrate Judge quoted from the decision in *Alleyne*, 133 S. Ct. at 2163, not the decision *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Moreover, the Magistrate Judge correctly concluded that the decision in *Alleyne* fails to provide a basis for relief under 28 U.S.C. § 2241. *See Mabry v. Wilson*, 582 F. App'x 147, 147–48 (4th Cir. 2014). Accordingly, Johnson's second objection will be overruled.

In his third and fourth objection, Johnson protests that the United States District Court for the Southern District of Florida should not have transferred this action to this Court and argues the Court should transfer the action back to the Southern District of Florida. (Objs. 2.) Where the action was filed or resolved is irrelevant. As explained in the Report and Recommendation, Johnson failed to raise a claim that is a proper subject for invoking a district court's jurisdiction under 28 U.S.C. § 2241. Accordingly, Johnson's third and fourth objections will be overruled.[5]

---

[5] Moreover, the Court lacks jurisdiction to entertain the action as a 28 U.S.C. § 2255 motion, as the Court already has denied one such motion from Johnson, and Johnson has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a second such motion.

The Report and Recommendation will be accepted and adopted.  The action will be dismissed for lack of jurisdiction.  The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: July 9, 2015
Richmond, Virginia

6